UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Warren E. Peterson


    v.                                                Civil No. 06-cv-424-SM

Eileen Fox, Clerk, New Hampshire
Supreme Court & Wilda R. Elliott,
Clerk, Brentwood Family Court


**REPORT AND RECOMMENDATION**


    Before the Court is Warren Peterson's complaint, filed pursuant to 42 U.S.C. § 1983, alleging that the New Hampshire Supreme Court ("NHSC") and the Brentwood Family Court ("BFC"), through its court clerks, have violated his fundamental constitutional rights. Peterson has filed a complaint (document no. 1) that is before me for preliminary review to determine whether the complaint invokes the subject matter jurisdiction of this Court, states any claim upon which relief might be granted, or names defendants that are immune from liability for the acts alleged. See United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A). Peterson has also filed a motion for preliminary relief (document no. 5) that has been referred to me by the Chief Judge for a Report and

Recommendation (document no. 6).  Peterson seeks an order from this Court directing the NHSC to provide Peterson with a free transcript for use in his appeal from the BFC because Peterson is indigent and unable to pay for the preparation of the transcript required to pursue his appeal.  This request, if granted, would also enjoin the NHSC from dismissing Peterson's appeal of the BFC's denial of visitation with his child.  Peterson claims that the dismissal of his appeal based on his inability to afford a transcript would violate his constitutional right to familial association without due process of law.

As explained fully herein, I recommend that the complaint be dismissed as it fails to state any claim upon which relief might be granted.  Accordingly, I recommend that the motion for preliminary injunction be denied as moot.

### Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review and to prepare a report and recommendation determining whether the complaint or any portion thereof should be dismissed because:

> (i) the allegation of poverty is untrue, the
> action is frivolous, malicious, or fails to state

>     a claim upon which relief may be granted, or seeks
>     monetary relief from a defendant who is immune
>     from such relief under 28 U.S.C. § 1915A(b); or
>
>     (ii) it fails to establish subject matter
>     jurisdiction under Fed. R. Civ. P. 12(b)(1).

LR 4.3(d)(2)(A). In conducting the preliminary review, the Court construes pro se pleadings liberally. See Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997), cert. denied, Ahmed v. Greenwood, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and

meaningful consideration.  See Eveland v. Dir. of C.I.A., 843 F.2d 46, 49 (1st Cir. 1988).

## Background

Warren Peterson, an inmate at the New Hampshire State Prison, separated from his wife in July of 1998.  While divorce proceedings were underway, Peterson shared custody of the couple's two and a half year old son.  In November of 1998, Peterson was hospitalized for major depression.  Peterson's wife suspended the shared custody and withheld visitation with the child from Peterson.  In February and March of 1999, Peterson was again hospitalized for depression.  After he was released from the hospital, in March of 1999, Peterson kidnaped his wife at gunpoint as a result of his distress at not receiving visitation with his son.  This incident led to Peterson's arrest and incarceration.

During his incarceration, Peterson has continued to pursue visitation with his son in the BFC.  Since 1999, that Court has denied Peterson visitation.  Peterson alleges that he has pursued every legal means within the state system to obtain visitation, but has been denied every time.

Peterson has appealed the BFC's most recent denial of his request for visitation to the NHSC. The NHSC accepted the appeal and has ordered Peterson to have transcripts of the state court proceedings prepared at his own expense. The NHSC has denied Peterson's motions seeking to waive the cost of preparing the transcripts due to his indigence. The NHSC did extend the time during which Peterson could pay for the transcripts until January 2, 2007. On that date, the NHSC has ordered, Peterson's appeal will be dismissed if Peterson has not paid for the transcripts. If the matter is dismissed, Peterson will not be able to renew his request for visitation in the BFC for another three years.

Peterson now appeals to this Court to direct the NHSC to provide Peterson with transcripts for free in order to be able to pursue his appeal and protect his fundamental constitutional right to family association. Peterson alleges that his rights have been denied due to his indigence, which is an unconstitutional basis for denying him the right to due process or familial association.

## Discussion

Peterson's challenge to the state court proceedings at issue in this case raises a question of subject matter jurisdiction

that this court is obligated to consider and resolve sua sponte. See In re Healthco Int'l, Inc., 136 F.3d 45, 50 n.4 (1st Cir. 1998).  For the reasons articulated below, this Court is precluded from exercising jurisdiction over this action under the abstention doctrine articulated in Younger v. Harris, 401 U.S. 37, 43-44 (1971).  Additionally, this Court may be precluded from exercising jurisdiction over the claims in this action under the Rooker-Feldman doctrine, see D.C. Ct. App. v. Feldman, 460 U.S. 462, 476 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

1.   Younger v. Harris

The abstention principles articulated in Younger and its progeny provide that federal courts should abstain from entertaining cases involving issues that are the subject of currently pending state judicial proceedings when: (1) vital state interests are involved; and (2) the plaintiff will have an adequate opportunity in the state proceeding to raise the claims advanced in his federal law suit.  Younger, 401 U.S. at 43-44; Brooks v. N.H. Sup. Ct., 80 F.3d 633, 638 (1st Cir. 1996) (citing Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).  "Except in the most extraordinary cases, a

federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct. of P.R., 988 F.2d 252, 262 (1st Cir. 1993).

Younger abstention is appropriate, however, only if the state proceeding affords an adequate opportunity to raise constitutional challenges. See Middlesex County, 457 U.S. at 432. Federal court intervention can be countenanced only where a plaintiff can show there is no opportunity to raise the federal issues in a state court, a state statute under attack is "flagrantly and patently violative of express constitutional prohibitions in every clause," or plaintiffs can show "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." Younger 401 U.S. at 53-54.

In this case, there is no allegation that Peterson has been denied an adequate opportunity in the state court to adjudicate all of the issues raised in this action. To the contrary, Peterson has described a number of opportunities to raise his arguments before the state court. While Peterson alleges that he will be denied the opportunity for an appeal if he is deprived of

7

a transcript, he has had, and availed himself of, the opportunity to present all of the constitutional arguments for why he should be provided with a free transcript, to the state courts.  The state courts did not deny him the opportunity to present his arguments, they simply denied him the relief he seeks.  Peterson does not allege that his due process rights were violated in the state court proceedings in such a way that prevented him from raising the federal issues in the state courts, or that he was barred in any way from presenting his arguments to the state court.

Further, Peterson's requested relief, if granted, would put this Court in the position of imposing itself in an area involving the vital state interest of domestic relations of its citizens, including divorce and child custody arrangements.  A ruling favorable to the plaintiff in this case would be tantamount to reversing the decision of the state court, and under Younger, such a ruling should not be entered by this Court because it would improperly interfere with state court proceedings.  In addition, despite his assertions that the state court is incorrectly denying him a free transcript and that, as a result, denying him the right to visitation with his child,

Peterson has not alleged any facts exhibiting "bad faith, harassment, or any other unusual circumstances that would call for equitable relief," and therefore has not alleged facts which would foreclose the application of the Younger abstention doctrine to this matter.

    2.   Rooker-Feldman

While the reasoning of Younger applies in this case because the matter before the state court is technically still pending, Peterson has made it clear that as of January 2, 2007, when the transcript is not paid for, his appeal will be dismissed. At that point, the judgment of the state court will become final. Accordingly, in order to avoid Peterson wasting his time and resources filing an action here that will almost certainly be dismissed, I will address at this time why it would be inappropriate for Peterson to refile this action in this Court after January 2, 2007.

The Rooker-Feldman doctrine precludes a federal district court from reviewing a final judgment of a state court. See Rooker, 263 U.S. at 416. The Rooker-Feldman doctrine applies only in limited circumstances, to cases where "the losing party in state court filed suit in federal court after the state

proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Galibois v. Fisher, 174 Fed.Appx. 579, 580 (1st Cir. 2006) (citing Lance v. Dennis, ___ U.S. ___, 126 S.Ct. 1198, 1202 (2006) and Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)).  Rooker-Feldman forecloses federal court jurisdiction over claims that are inextricably intertwined with the claims adjudicated in a state court proceeding.  See Sheehan v. Marr, 207 F.3d 35, 39-40 & n.4 (1st Cir. 2000); Wang v. N.H. Bd. of Registration in Med., 55 F.3d 698, 703 (1st Cir. 1995).  "A federal claim is inextricably intertwined with the state court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" Sheehan, 207 F.3d at 40 (quoting Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999)).

   Once a state court issues a final judgment, a federal district court lacks jurisdiction to review the decision even if the state court judgment is patently wrong or was entered following patently unconstitutional proceedings.  See Feldman, 460 U.S. at 486.  Thus, a litigant may not seek to reverse a final state court judgment simply by recasting his complaint in

the form of a civil rights action.  See Fortune v. Mulherrin, 533 F.2d 21, 22 (1st Cir.), cert. denied, 429 U.S. 864 (1976); see also Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993), cert. denied, 510 U.S. 1046 (1994).

The proper recourse for a litigant in the state courts who is unhappy with the decisions of those courts is to pursue his or her appeal through the state appellate process, as Peterson is doing, and then to the United States Supreme Court.[1]  In other words, a party is barred from seeking appellate review of a state court decision in the federal district court.  See Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); see also Wang, 55 F.3d at 703.

In this action, Peterson seeks injunctive relief to stay or reverse the NHSC's decision regarding the transcript and dismissal of Peterson's appeal.  Given that Peterson has raised these issues in the state court proceedings, the plaintiffs'

---

[1] If Peterson decides to appeal this case to the United States Supreme Court, he would be well-advised to heed United States Supreme Court Rule 13, which requires that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. . .."  Sup. Ct. R. 13.  Other Supreme Court rules further clarify the requirements for filing a petition for a writ of certiorari.  See Sup. Ct. R. 10-16.

claims in this case are inextricably intertwined with the state court proceedings.  Peterson's successful prosecution of his claims here would require this court to invalidate or reverse state court rulings.  Once the state court enters a final judgment, Rooker-Feldman will preclude this court from exercising jurisdiction over plaintiff's claims.

## Conclusion

 For the foregoing reasons, I recommend that this complaint be dismissed.  I further recommend that the motion for a preliminary injunction be denied as moot.  Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date:   December 28, 2006

cc:     Warren E. Peterson, pro se