UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Warren E. Peterson,
    Plaintiff

    v.                                            Civil No. 06-cv-424-SM
                                                    Opinion No. 2007 DNH 067
Eileen Fox, Clerk of the
New Hampshire Supreme Court;
and Wilda R. Elliott, Clerk
of the Brentwood Family Court,
    Defendants

**O R D E R**

Plaintiff has filed an "original Complaint and Request for Injunctive and Declaratory Relief" naming Eileen Fox, Esq., and Wilda R. Elliott as defendants. Eileen Fox is the Clerk of the New Hampshire Supreme Court and Wilda R. Elliott is the Clerk of the Brentwood Family Court.

Essentially, plaintiff has come to federal court seeking relief from a New Hampshire Supreme Court order requiring him to provide transcripts of lower court proceedings, at his expense, as a condition of continuing with his appeal of an order of the Brentwood Family Court denying him visitation with his minor son.

Plaintiff says he is indigent, unable to pay for the required transcript, and is entitled under the national constitution to a free transcript (or a meaningful appeal uninhibited by his indigency), given the fundamental nature of the right he seeks to vindicate — the right of family association with his minor child.

The magistrate judge has reviewed the complaint under United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2)(A) to determine whether this court's subject matter jurisdiction has been properly invoked, whether the complaint states a viable legal claim, and whether the named defendants are immune from liability.  In his Report and Recommendation (document no. 7), the magistrate judge concluded that the complaint should be dismissed and plaintiff's motion for injunctive relief denied.  Plaintiff filed a timely objection.

## Background

Plaintiff and his former wife divorced some time ago. Custody and visitation issues related to their minor son proved contentious and, after plaintiff was hospitalized with bouts of depression on different occasions, he kidnaped his former wife at

gunpoint.  He was charged, convicted, and is currently serving a state sentence in the New Hampshire State Prison.

The Brentwood Family Court has entered orders denying plaintiff visitation with his son over the years, and plaintiff has appealed the latest denial to the New Hampshire Supreme Court.  Plaintiff says that if that appeal is dismissed, he will not be able to renew his request for visitation for another three years (having already been denied contact with his son for approximately seven years).

Pursuant to state law and applicable rules of procedure, the New Hampshire Supreme Court accepted plaintiff's appeal, but directed him to have a transcript of the family court proceedings prepared and filed, at his expense, as a condition of proceeding with the appeal.  Plaintiff apparently moved the court to waive the transcript fees and provide a free transcript based upon his asserted indigency, but that motion was denied.  Failure to file the transcripts will, according to the New Hampshire Supreme Court's order, result in dismissal of the appeal.

After plaintiff filed this suit, the New Hampshire Supreme Court (Hicks, J.) entered an order staying appellate proceedings pending resolution of this matter.

## Discussion

Plaintiff's complaint raises important and developing due process and equal protection issues.  Parents unquestionably enjoy a recognized and fundamental liberty interest in the care, custody, and control of their children.  M.L.B. v. S.L.J., 519 U.S. 102 (1996).  And, the Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of . . . liberty . . . without due process of law," which includes a right to protection from unjustified governmental interference with certain fundamental rights and liberty interests.

In M.L.B., supra, the Supreme Court held that Mississippi could not withhold a record of sufficient completeness to permit appellate consideration of an indigent mother's appeal of an order terminating her parental rights.  Justice Kennedy, concurring, noted that "given the existing appellate structure in Mississippi, the realities of the litigation process, and the fundamental interests at stake in this particular proceeding, the State may not erect a bar in the form of transcript and filing

costs beyond this petitioner's means."  Id., at 129.  M.L.B. involved a permanent termination of parental association, so might be distinguished from this plaintiff's circumstances on that ground.  But, the Supreme Court has acknowledged the fundamental nature of a parent's right to control visitation with his or her child, and, perhaps, implicitly, the right to maintain a parental and familial association through visitation.  See Troxel v. Granville, 530 U.S. 57 (2000).  But whether an extended denial of all visitation by a parent with his child is sufficiently equivalent to a termination of parental rights to warrant application of the rule in M.L.B. has yet to be determined.

   If plaintiff is truly indigent, and if the required transcript fee is beyond his means, and his appeal is terminable for failure to pay the fee, plaintiff may well describe a viable claim that he has been deprived of his constitutional right to due process and to access the courts.  On the other hand, the holding of M.L.B. may not be extended beyond parental rights termination cases to reach a state's denial of parental visitation as well.

In any event, the magistrate judge is right in recommending dismissal of the complaint and denial of injunctive relief in this case.  Plaintiff is engaged in an ongoing proceeding in New Hampshire's courts, which courts are fully capable of fairly adjudicating his federal constitutional claim to a free transcript or a sufficiently complete record to permit appellate consideration of his appeal of the order denying him visitation with his son.  Plaintiff is obligated to pursue that appeal and, if relief is not afforded, to seek further review of his federal constitutional claims in the United States Supreme Court.

While, strictly speaking, the <u>Rooker-Feldman</u> doctrine does not apply as yet (no final judgment having been entered by a state court, <u>see</u> <u>Exxon Mobil Corp v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 291 (2005)), I agree that <u>Younger</u> abstention principles do.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  In addition, the Anti-Injunction Act, 28 U.S.C. § 2283, precludes this court from enjoining the ongoing state court proceedings plaintiff describes.  As set out in the Report and Recommendation, plaintiff's complaint does not state a viable legal claim upon which relief can be granted by this court.

## Conclusion

The Report and Recommendation is approved and adopted and the complaint is dismissed.  The clerk shall close this case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

May 17, 2007

cc: Warren E. Peterson, pro se
    Nancy Smith, Esq.
    Eileen Fox, Esq.,
        Clerk, NH Supreme Court
        (In re Case No. 2006-0689)